UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas E. Perez, Secretary of Labor, United States Department of Labor, | Case No. 14-cv-3187 (PAM/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| I.Q. Marketing, Inc., Janet Finken, and I.Q. Marketing, Inc. 401(k) Plan, | |
| Defendants. | |

_____

This matter is before the Court on the Secretary's Motion for Default Judgment. Plaintiff Thomas E. Perez, Secretary of Labor, United States Department of Labor (the "Secretary"), filed the Complaint. Defendants Janet Finken, I.Q. Marketing, Inc. ("I.Q. Marketing"), and I.Q. Marketing, Inc. 401(k) Plan ("Plan") (collectively, "Defendants") were duly served, failed to plead or otherwise defend within the time prescribed by law, had default entered against them by this Court, and failed to administer and terminate the Plan, including making distributions to Plan participants as verified by the attested declaration of the Secretary's investigator. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Secretary's Motion for Default Judgment (Docket No. 10) is **GRANTED**;

2. Finken and I.Q. Marketing are removed from their positions as fiduciaries with respect to the Plan;

3. Finken and I.Q. Marketing are permanently enjoined from violating the provisions of Title I of ERISA;

4. Finken and I.Q. Marketing are permanently enjoined from acting as fiduciaries or service providers to any ERISA-covered employee benefit plan;

5. The Plan is amended to permit the set off of $1,927.04 of Finken's Plan account for losses to be incurred by the Plan resulting from fiduciary breaches, requiring the appointment of an Independent Fiduciary to terminate the Plan and issue distributions, as authorized by § 1502(a) of the Tax Payer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 11 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. Section 1056(d)(4));

6. Grabel, Schniders, Hollman & Co., PC of 206 W. Argone Kirkwood, MO 63122 ("Independent Fiduciary"), is hereby appointed as the independent fiduciary for the Plan to administer the Plan and to terminate the Plan consistent with the Plan's governing documents, the Internal Revenue Code, and ERISA. The Independent Fiduciary shall have the following powers, duties and responsibilities:

    a. The Independent Fiduciary shall have responsibility and authority to collect, liquidate, and manage such assets of the Plan for the benefit of the eligible participants and beneficiaries of the Plan who are entitled to receive such assets, until such time that the assets of the Plan are distributed to the eligible participants and beneficiaries of the Plan and the Plan is fully terminated;

b.     The Independent Fiduciary shall exercise reasonable care and diligence to identify and locate each participant and beneficiary of the Plan who is eligible to receive a payment under the terms of this Default Judgment and to disburse to each such eligible participant or beneficiary the payment to which he or she is entitled.  The Independent Fiduciary shall comply with the guidance in EBSA Field Assistance Bulletin 2014-01, Fiduciary Duties and Missing Participants in Terminated Defined Contribution Plans (Aug. 21, 2014) available at http://www.dol.gov/ebsa/regs/fab2014-1.html, in attempting to locate participants and handling missing participants;

c.     The Independent Fiduciary shall have full access to all data, information and calculations in the Plan's possession or under its control, including that information contained in the records of the Plan's custodial trustees and other service providers, bearing on the distribution of benefit payments, participant account balances and current plan assets;

d.     The Independent Fiduciary may retain such persons and firms including, but not limited to, accountants and attorneys, as may be reasonably required to perform his duties hereunder;

e.     The Independent Fiduciary shall initiate the termination of the Plan in accordance with ERISA within thirty (30) days of entry of this order.  The Independent Fiduciary's responsibilities shall include, but not be limited to, causing the distribution of the Plan's assets to the Plan participants and filing all appropriate documents with the various government agencies.

        The Plan shall be fully terminated within ninety (90) days of the entry of this Order.  Within thirty (30) days from the date that the Plan is fully terminated, the Independent Fiduciary shall provide satisfactory proof of such termination, including proof of issuance of the Plan's participant distributions, to the Regional Director of the Employee Benefits Security Administration, United States Department of Labor, 2300 Main Street, Suite 1100, Kansas City, MO  64108;

f.    Within seven (7) days of entry of this judgment, the Independent Fiduciary, pursuant to § 1502(a) of the Taxpayer Relief Act of 1997, codified at 29 U.S.C. § 1056(d)(4), shall cause $1,927.04 from Finken's current account balance to be reallocated to a Plan account solely to be used to pay reasonable fees, costs, and expenses of the  Independent Fiduciary; and

g.    After terminating the Plan for the services performed pursuant to this Default Judgment, the Independent Fiduciary shall receive compensation, from the Plan not to exceed $3,600 for fees, costs, and expenses (including the $1,927.04 referenced in paragraph E(6) above reasonably and necessarily incurred in administering and terminating the Plan.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: <u>Friday, May 15, 2015</u>        <u>s/ *Paul A. Magnuson*</u>
                                          Paul A. Magnuson
                                          United States District Court Judge